Call the first case. Case number 12, 1717, Peoples v. James Peoples. Please step up and identify yourselves. Good morning, Your Honors. I'm Assistant Appellate Defender Rachel Moran, and I represent James Peoples. I'm Assistant State's Attorney Paul Connery, and I represent the Peoples. Okay, and we'd like you to more or less aim in on accountability primarily. Okay. All right. May it please the Court? May I please reserve three minutes for rebuttal? Sure. This is a case where the judge directed a guilty verdict when the jury would otherwise have acquitted. The State prosecuted James Peoples on the theory that he personally shot and killed Roosevelt Gray. They did not argue accountability, and they did not request accountability instructions. But when the jury said they did not have enough evidence to prove that James Peoples was the shooter, the Court told them they could still find him guilty even if he did not pull the trigger. Five minutes later, the jury did exactly that. The trial court's decision to give the jury a new way to find Mr. Peoples guilty denied him his right to defend himself. Because the jury acquitted Mr. Peoples of being the principal, the only theory of guilt the State pursued, this Court should reverse his murder conviction outright and remand for new trial only on the attempted murder charge. Can we say, Counsel, that they acquitted him on that? Your Honor, we can conclusively say that they found him not guilty of being the principal. Based on what? Based on the verdict that the State did not prove that he personally discharged the firearm. Does Your Honor remand it for a limited retrial? Yes, Your Honor. Remand on the attempted murder charges only. You mean the murder charges only? The attempted murder charges. It should be a remand for new trial. Did the jury find that the defendant fired a weapon while there were shots being fired at several other individuals? And wouldn't that constitute attempted murder? Your Honor, the jury did find him guilty of attempted murder. But under Peoples v. Millsap, which is the Illinois Supreme Court case governing this case, the Court remanded for new trial on both charges, even though the jury only had questions about accountability pursuant to one charge. And this Court, of course, is guided by Millsap. So that provides the minimum remedy available in this case. But Millsap did not outright reverse. They remanded. That's absolutely. You're saying we should outright reverse. Yes, and that's because we have an additional double jeopardy situation that wasn't present in Millsap. Is there case law for the proposition that the jury's answer on an enhancement question does not necessarily infect a contrary and inconsistent verdict on the underlying offense? Your Honor, there's nothing exactly on point. If I can address that question in two ways. The first, I'll point this Court to the closest case.  The closest case is Peoples v. Cooper from the Illinois Supreme Court decided in 2000. And in Cooper, the State chose to prosecute the defendant only on a knowing murder charge. And the jury acquitted him on that. And the Court said that precluded, based on double jeopardy, a new trial on felony murder because that was a theory the State chose not to prosecute. And that's what we're dealing with here. The only theory the State could pursue on retrial would be that he was an accomplice because they can't any longer charge him with personally discharging that firearm. He has been found not guilty on that charge. So the only theory they could now pursue. But you say he was found not guilty on that charge, even though, of course, he was found guilty on that charge because of an inconsistent verdict, if you call it a verdict, on the enhancement. Does the case law say that the enhancement can control the underlying offense verdict if they're legally inconsistent? Your Honor, there's no case law on point, unfortunately. So you're drawing a conclusion. Your Honor, I believe the jury has drawn a conclusion when it submitted a verdict. You believe, but there's no case law. Your Honor, what I do know happened is that the jury submitted a verdict saying that the State did not prove that Mr. Peoples personally discharged the firearm that caused Roosevelt Gray's death. And when they said the State did not prove that, and that is what the State was attempting to prove, then double jeopardy would bar the State at a minimum from submitting that firearm enhancement again. And the facts of this case, it's true there's no case law directly on point, but the facts of this case indicate that the decedent died of a single gunshot wound. He was shot twice, but one was just a graze wound that could not have killed him. The other shot was the shot that killed him. And when the jury found that he did not fire that shot, then he could not be the principal. It is a very unique factual situation, but because the jury found that he did not fire the shot that killed the decedent, and because the State chose not to prosecute Mr. Peoples as an accomplice, then there is no theory they can prosecute him on again. As far as our contention that they cannot prosecute him as an accomplice, in addition to Cooper, I would also direct this court to Peoples v. Cole. In Cole, the Supreme Court said that a State cannot re-prosecute based upon a theory of the same offense that was not previously charged. And again, that is very similar to what we're dealing with here, where the State chose not to prosecute him as an accomplice. They can't do it again in a new trial. They can't bring forward that new theory in a trial after they've already had a chance to do so and chosen not to. But I want to stick with the first thing that you said, excuse me, which is because right now what you're talking about speaks to what would happen on a remand, what they could or could not charge on a remand. You are arguing for an outright reversal. Yes. Okay. And your argument is there's a legal inconsistency between the special finding on the enhancement and on the verdict on first-degree murder. Your Honor, I would not say there's – Well, I mean, they found him guilty of being the principal shooter on first-degree murder, and they found him that he didn't personally discharge a firearm. Those are inconsistent, right? No, Your Honor. I would not say they found him guilty of being the principal on first-degree murder because they only found him guilty at all after the judge told them they could find him guilty even if he did not pull the trigger. So what essentially happened is that the jury sent out three notes and they indicated they were considering accomplice theory. They even used the word accomplice. They asked if they could find him guilty if he was part of a group. I agree with all of that. I understand what you're saying. But I'm at the point where I think Justice Smith talked about it as well. We have a guilty verdict. He was found guilty. You think he was found guilty based on a theory they were not allowed to consider accountability, but he was found guilty. And the reason that your primary – the thrust of your argument, as I understand it, for why that means he really was found not guilty, that we should consider this an acquittal, is because there was an inconsistent contrary finding on the enhancement. If I can attempt to clarify my position, I don't think that's precisely how I would phrase it. I believe the jury found him guilty as an accomplice. The reason we're arguing for an outright reversal is not that they found him not guilty, but they found him not guilty of being the principal. And along with that, the state cannot prosecute him under any other theory. So it's not that they found him not guilty completely. We're actually not dealing with inconsistent verdicts. My position would be that they found him guilty as an accomplice, that he was acquitted of being the principal, and that he can't actually – it wasn't permissible for them to find him guilty as an accomplice, and the state can't charge him with that again. So in other words, the reason there's no opportunity to remand for a new trial, the reason that would be inappropriate is because there's no theory the state can prosecute him under at this point. Let me ask you this. Although – how do we know for sure that the jury found him guilty as an accomplice and not the principal? Your Honor, we know for sure because of the facts of the case, which indicates that only one gunshot killed him, because of the three questions out of the eight the jury sent out, three of them were specifically about accountability, and because of the last one – because of how quickly the jury returned a verdict after the judge told them they could find him guilty essentially as an accomplice. The jury said, can someone be guilty of first-degree murder and not pull the trigger? We are struggling with the concept of a guilty verdict, but not having enough evidence to prove James Peoples was the shooter. That's as close as I have ever seen a jury note indicating that they do not think the state proved their case. The judge responded, dear jury, the answer is yes, and five minutes later they returned a verdict. So there's some degree of speculation involved here. An incredibly small amount, if any. I would say no, there's no degree of speculation. This is the clearest verdict, especially when you look at what the jury did. I think what rules out any degree of speculation is what the jury actually did. If they had heard that information and five minutes later returned a guilty verdict indicating he was guilty on both murder and the personal discharge, then we'd have a massive speculation problem. But when five minutes later, after the judge says you can find him guilty even if he didn't pull the trigger, and then they say, okay, guilty, but not guilty of discharging the firearm, it's really not speculation at all. There's no other conclusion, and the state hasn't been able to suggest any reasonable conclusion as to what could have happened in that situation. So I don't know if I've answered your question. But what's our standard here? So if you're just asking that we reverse the conviction and forget about whether it's outright, just that he didn't get a fair shake here, he didn't get a fair trial, then I think the question we have to ask is, is there a serious risk that the jury was not following the law properly? That's one question, and I understand your argument with regard to that. Because of all the circumstances you just laid out, they clearly were struggling with this, and five minutes after they got what is arguably an incorrect answer from the court, they convicted. But what is the question here? What is our standard here where we are asked to conclusively presume, conclusively decide that, in fact, that's what the jury did? You know, Justice House was saying, isn't there some degree of speculation? What is the standard? What is the law that we have to follow here? Your Honor, I'm not sure I've found any case law. Well, I'm sure I have not found any case law specifically on point, specifically telling the court. As far as the standard of review, the standard would be de novo, but I don't think that's specifically answering Your Honor's question. I think... Do we have to say it's likely that that's what they did and therefore we're going to consider this an acquittal? Or do we have to say there's an incredibly high risk or it's almost an inescapable conclusion? I mean, what are we supposed to do with this? Quite frankly, Your Honor, I think it is an inescapable conclusion. I'm not sure. I apologize. I don't think there's any case law I can cite to you on this point as to exactly what the standard is. And I'll be honest, if it was simply likely, I don't think we would be arguing for an outright reversal. But in this case, we're arguing for an outright reversal because it is a virtually inescapable conclusion and that's what the jury did. I don't think that's a... That's obviously a phrase Your Honor used. I'm not pointing to any specific case law. But in this case, that is the inescapable conclusion. And I especially... I would suggest that where the state participated in creating this error, that this court should err on the side of the defendant's right in this case. The state initially agreed that the court should not be answering that question with a yes and agreed with defense counsel that the appropriate answer is, you have received all of the instructions. But once the court decided, maybe I should just answer the question yes, the state jumped right on that train and said, yes, judge, you should answer the question yes. Even in post-trial motions, this was thoroughly litigated. Defense counsel pointed out that People v. Millsap governs this issue and the state argued that it doesn't. And notably, the state not only convinced the court, but the court issued a 12-page order citing a lot of cases that were not on point and the state has abandoned every one of those cases on appeal. They know that that was not the correct answer and that the judge was not using the correct case law. And so I think... I don't know that that's a direct answer either, but I think that when the state has participated in creating the error, this court should err on the side of the defendant. Could you talk about the reasonable doubt instruction? Yes, certainly, Your Honor. The issue in the supplemental brief? Yes. There are now three recent cases in Illinois, published cases, that have held that it is error for a judge to instruct the jury that reasonable doubt is for them to determine. And that's what happens here. Two of the cases in particular, People v. Turman and People v. Franklin, Turman is from this court, Franklin is from the third district, have held specifically in virtually the same exact fact situation that it's error for the judge to instruct the jury, it is up for you to determine the definition of reasonable doubt. Collectively. Turman used the word collectively, yes. What should the judge have answered? How should the judge have answered this question? Probably the judge should have answered reasonable doubt as self-defining. This is a strange situation, because Illinois refuses to provide a definition of reasonable doubt, and we're stuck with that. So I would certainly agree that the judge is in a hard place every time this happens. But what the case law has, three out of the four appellate cases that have addressed this have said that it's error to say reasonable doubt is up for you to determine, because it could leave the jury in a situation where they convict on a standard something less than reasonable doubt. This court is probably aware, but a similar case was recently argued in the Illinois Supreme Court, people versus downs. That may decide the issue. The briefing and the arguments and downs weren't exactly on point, because we have an additional factual, additional situation based on the specific jury note in that case, but that may decide the issue. There's a case of failure that I think the state cited. Now, that is a case where the judge answered the jury's question almost verbatim the same way the judge did in this case, and the appellate court said that it was proper. That's true, but failure is actually the opposite of what we have here, because the defense attorney in failure was actually arguing that the judge should have provided a specific definition of reasonable doubt. And so that's all. It's true that the facts are similar, but the legal question is actually the opposite of what we have here. And that's why failure is not on point. That's why Turman did not rely on failure. But failure said that the answer the judge gave was, in effect, refusing to give a definition. Yes, but failure was not asked if that was – failure did not deal specifically with the question of whether that was an appropriate answer, or whether – Well, sure they did. I mean, they said that the answer the judge gave was tantamount to saying, I'm not going to give you a definition, which is pretty much what the judge did here. Your Honor, failure – if the court chooses to interpret that way, it could count failure as one of the cases that says this is not a problem, but certainly there are three cases that say this is a problem. Ultimately, perhaps the Supreme Court will decide this issue, but especially in a close case where we have here, where the state is relying on three – only three witnesses who identified Mr. People. Those are the same witnesses who could easily have been charged if the situation were a little bit different. There's no physical evidence connecting him to it. There's no confession. I think in an incredibly close case like this, it's our position the state didn't even prove him guilty. Again, the court should be very wary of allowing a trial court to provide an answer like that, that numerous appellate courts have found to be inappropriate. Thank you. Thank you, Your Honors. Good morning, Your Honors, and may it please the Court, I'm Assistant State's Attorney Paul Connery on behalf of the People. I will jump into the second issue as well, the jury question. The question here asked by the jury is governed by the general principle that jurors are entitled to have their questions answered. In fact, the failure to answer a question or the giving of a response which provides no answer to the particular question of law opposed has been held to be prejudicial error. It's important to keep that in mind in deciding whether the judge in this case abused discretion in deciding to answer the very specific legal question that was provided. Well, here the defendant is saying not that the judge erred when he provided an answer, it's just that the answer itself was incorrect. Yes, Your Honor, and that goes to the standard of review here, which the People maintain is an abuse of discretion standard. What's the difference between this and the Wetzel case? Which case, Your Honor? Wetzel. I don't believe I'm familiar with that. That's the case that preceded where the judge gave the exact same answer. People v. Wetzel, 308, appellate 3rd, 886, 1999. The court concluded that the court abused its discretion by only answering yes. That was an incomplete and misleading answer. Well, Your Honor, although I'm not familiar with that particular case, the fact that an abuse of discretion standard was used there does go to the People's point that an abuse of discretion standard is the appropriate one here. Although a defendant tries to frame the issue in terms of arguing that de novo should apply because the answer was wrong, the issue isn't whether the trial court's answer was wrong. The issue is whether the trial court's answer was proper and that the trial court was answered appropriately in the manner in which it did. There's no question that the actual response is correct. It doesn't matter whether the answer to the jury's question was right or wrong? That shouldn't matter to us? It does matter, but here that's not what's at issue. The answer to the question is right. That's the legally correct answer. He asked the question, the jury asked the question, can someone be guilty of first-degree murder and not pull the trigger? And his answer was yes. Yes. In the facts of this case, that's the correct answer? That's the correct answer to the question. And the question, the ultimate issue is whether, as you're saying, that was appropriate in this case based on the facts and based on the scenario, not whether that's just a correct answer or not a correct answer. Well, part of the facts and scenario in this case are the instructions and the indictment, right? And there's no accountability, indictment, no accountability in the instructions. So how can yes be the correct answer? I guess what I'm saying is we're arguing an issue that we already feel we've got an answer on. I think you've got to go to the issues she raised and that this justice here raised that are more relevant to us. Yes or no at this point, we've already made our mind up that based on what's so, the judge was wrong, okay? So move to the next step. Don't waste your time. The next step is what happens when the case is remanded? We're interested in whether the defendant can be retried on all three or only on two, and whether we even consider retrying, don't we just want to remand it on one? Yes, Your Honor. The case should be remanded if that's the court's finding, which is not the people's position. I understand, but as I say, don't spend time on something that we've already concluded. Assuming that that is the outcome here, then the case should be remanded just for a trial on the first degree murder charges. There is no support and defendants unable to cite anything where a special verdict form would bar prosecution on the primary charge, the first degree murder charge in this case, and act as some sort of an implied acquittal. And this is because the elements of the charges are ultimately different. It would create a new... How are they different? She made a point that they were similar and the language of the statute was almost exact. Well, the language of the firearm enhancement requires that a defendant approximately caused death by firing a firearm. And that's not what the murder charges include. There is no element of approximate... Those elements are not the same. Okay, so the firearm enhancement requires that the jury decide whether the defendant personally discharged a bullet that approximately caused death. The criminal offense of first degree murder that you charged him under requires that the defendant perform the acts which caused the death. And perform the acts in this context is obviously talking about firing a gun. No one's saying someone killed him with a knife. So where is there a meaningful distinction between those two things? Well... You both have to show that you performed an act. In both instances, you have to show that it caused death. So even if there isn't necessarily a distinction, even if you can't draw up a theory where one is... The fact is that the two verdicts coming back as they did, this goes back to the law regarding inconsistent verdicts. And the fact that it's not appropriate to take the finding of not guilty on one verdict and assume and apply that to the other verdict. Inconsistent verdicts are allowed in Illinois. That's something that isn't disturbed because of the sanctity of the jury. And because we don't... We intentionally don't go into the jury room and attempt to determine how they came to these two... How they came with these two verdicts. That's, again, assuming that you've already come to the conclusion that you've stated that they are ultimately inconsistent. It's allowed for them to be inconsistent. This is pretty inconsistent, don't you think? Again, taking what you've said today, that's... Then, yes, they are. Then that is... They are inconsistent, yes. But, again, inconsistent verdicts are allowed. And so it would be... If the case is remanded, if we reverse the first-degree murder conviction and remand for a new trial, can the defendant be tried on the firearm enhancement again? No. So double jeopardy applies to the firearm? To the first-degree murder firearm for which he was actually acquitted in this case. He can't be... That's... Double jeopardy applies to that. He can't be tried on that again. Okay. Can he be retried on a theory that he personally discharged the firearm that caused the death of Roosevelt Wilson? He can be charged and tried any way the prosecution wants to attempt to prosecute him for the murder charge. He just can't be tried for the firearm enhancement again. The defense can't... Can they charge him on an accountability theory? Certainly. They could pursue any theory. Because he wasn't acquitted of that charge. And it's not appropriate to call the finding of not guilty on the special verdict an enhancement, a sentencing enhancement. It's not appropriate to call that, which is inconsistent with the verdict, the first-degree murder verdict, to take those two things and just say that it's an acquittal. He can be tried any way which other people wish to proceed on remand for the first-degree murder. So you're saying you think he could be tried for accountability? Yes. So in this case, we have a jury note, the last one of the eight, that very specifically says, we don't believe that there is sufficient evidence that James People was the shooter. And five minutes later, after getting what appears to be an incorrect answer from the judge on a question, they find him guilty. But we do have that statement from them, and then we also have the special verdict form. We have two pieces of information, one which is fairly conclusive because it's a verdict, another which is a note, which is maybe a little less conclusive. In each of those cases, the jury is saying, we don't think the state proved that he personally fired the bullet that killed Roosevelt Wilson. Our position is that we can't say and we can't speculate, even in that five-minute time frame that you're talking about. It's not appropriate to speculate on exactly how the jury came to that decision. We can't determine how they deliberated. We can't determine if they just simply decided not to sign the enhancement because of jury lenity, that they perceived that it would result in a greater sentence if it was some sort of compromised verdict. That's why inconsistent verdicts are allowed. But we can't take one and read it to interpret the other, especially to interpret the verdict that was signed by all of them, that he was guilty. Did the jury know that was an enhancement? No, we can't say that either. The jury instruction doesn't say anything about being an enhancement. In fact, one of the earlier questions indicated they couldn't make sense of why they were being asked this question and why they had the first-degree murder charge. That was the third question. It's impossible to say what they thought of those two verdict forms they were presenting. But it's not impossible to say that they didn't think it was proven that his bullet killed Roosevelt Wilson. That's not hard for us to say because we have a verdict that says that. Correct. We don't have to guess at all about what they said. They did not sign. They found that it was not proved. It wasn't proven beyond a reasonable doubt, sure. Right. They may have thought it could have happened, but they didn't think it was proven. And so the defendant would say, how can you take that finding from the jury, which is not a guess, it is their finding in the record, and when there's no accountability theory, when the only theory you charged him on for first-degree murder was a principal shooter, how can you possibly say the jury found him guilty beyond a reasonable doubt of being the principal shooter? Because even finding that, even coming to that conclusion, which, again, requires speculation, that still the result then, what we're left with is two verdicts that are inconsistent. And even if they're inconsistent, they're not supposed to be disturbed. That's what the law is. Inconsistent verdicts are allowed. Are you aware of a case that's on point, a case that dealt with the fact that there was an enhancement that said he didn't personally fire the weapon that killed the person, but he was also convicted on a principal shooter theory? No, I'm not. And the court said, well, that's just another inconsistent verdict. We allow inconsistent verdicts and let it go? Not with regard to a sentencing enhancement like the one in this case, no. But there certainly isn't any legal support for that either. I can move on to the reasonable doubt issue, the other one that was addressed here. The jury asked in this case what is reasonable doubt, and the judge responded that reasonable doubt cannot be defined for you. That is for you to determine. First, we note that not only did defendant forfeit this issue by not objecting to it contemporaneously or raising it at post-trial motion, defendant acquiesced to the response at the time the question was asked. And that's because the response was proper. It did not provide a definition of reasonable doubt to the jury. The general rule is that a judge should not define reasonable doubt, even if the jury requests a definition, and the court here followed that rule. As discussed previously, the people cited to people v. Fahler, in which the answer was nearly identical for the jury to determine. Here it's for you to determine. Although, as defendant pointed out, that the way that that was raised in the appellate court was not identical, the analysis performed came to the same conclusion that determined that responding in that matter for the jury to determine is not a definition. They ruled that that was a non-instruction, which is the same conclusion that follows here, that for you to determine is not a definition or an instruction of reasonable doubt. The cases upon which the defendant relies, Terman and Franklin, those both included the word collectively in the definition. And the people also cited an additional case in a motion to cite additional authority, a recent second district case which was on this same issue that was people v. Thomas. And that case discussed Terman and Franklin as well. In that case, the answer, again, was nearly identical to the one here. It is for you to determine. The court there found that it was unquestionably correct, the answer, and also noted that in Terman and Franklin that the term collectively was a point of distinction for the courts. And, again, because that issue isn't present here, that's why this is clearly a non-instruction. If the court has no further questions. Oh, thank you. You're good. Thanks. And for the reasons stated and those in our brief, we ask that this court affirm defendant's convictions. Thank you. May it please the court, I have three brief points. The first two, just briefly, I'd like to address arguments related to proximate cause and whether this requires an acquittal. And then, lastly, I'd like to make one last effort at answering the unanswered question about which case law is closest on point to this case. First, Your Honor, the state just argued that proximate cause is not an element of first-degree murder. Perhaps that was a misstatement by counsel, but, of course, it is. And in our reply brief at page 10, we cited People v. Sauchenko-Dubb, which states that performing an act which causes death is, quote, clearly an element of first-degree murder. And they specifically said that's apart from the proximate cause enhancement. You still, in order to be guilty as a principal, you still must perform the act which causes death. And Mr. Peoples didn't. The jury found that he didn't. Secondly, the state also argued that he can be tried under the theory, retried, excuse me, under the theory that he personally discharged the firearm that proximately caused the decedent's death. That is verbatim what the jury found he did not do. So it's true that it's a different verdict form, but the jury has conclusively found, and the state concedes, they found that the state did not prove that James Peoples, quote, personally discharged the firearm that proximately caused Roosevelt Gray's death. So he cannot be retried on that theory. It would violate double jeopardy. The fact that it is two different verdict forms is irrelevant. Lastly, your honors, Peoples versus Daniels from the Illinois Supreme Court, which we also cited in our briefs. In Daniels, that is, again, of course, not directly on point, but in Daniels the defendant in the first trial was acquitted based on armed robbery. The jury found a mistrial on the murder count. And then the Supreme Court held that double jeopardy barred the state from re-prosecuting with a felony murder based on armed robbery. In that sense, it's similar to this case because the acquittal on the basis of the charge precluded retrial. It wasn't an acquittal on the charge itself. The jury in Daniels never found the defendant not guilty of murder, but they found him not guilty of the underlying action in which the state was intending to rely. So in that sense, perhaps Daniels is the closest answer in your honors' questions about whether a retrial would be permissible. The Supreme Court has said that if the jury has acquitted the defendant on the basis of the charge, even if not the charge itself, then he cannot be retried on that charge. All right. Thank you. Thank you, your honors. We'll take these under advisement. You both, both of your briefs and your arguments were very well done, and you answered the questions, and we kind of tried to put you both on the spot, and you handled it well, so thank you very much.